IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Criminal No. 4:19-CR-087 |
| v. | ) |
| | ) GOVERNMENT'S |
| BRANDEN GERRICK SMITH, | ) SENTENCING MEMORANDUM |
| | ) |
| Defendant. | ) |
| | ) |

The government files this sentencing memorandum in anticipation of the sentencing hearing currently set for Monday, January 27, 2020, at 10:00am.

I. **INTRODUCTION**

On May 15, 2019, a grand jury in the Southern District of Iowa returned a one-count Indictment charging Defendant Branden Gerrick SMITH with being a prohibited person in possession of a firearm, on or about March 1, 2019, in violation of Title 18, United States Code, Section 922(g)(1), 922(g)(9), and 924(a)(2). Presentence Investigation Report, ECF No. 45, ¶ 1 (hereinafter "PSR"). On June 20, 2019, the grand jury returned a superseding indictment making no substantive changes. PSR ¶ 2. Defendant pleaded guilty to Count One on August 6, 2019. PSR ¶ 3. There was no plea agreement and no additional counts to be dismissed. *Id.* ¶ 4.

The government had no objections to the PSR. The government does not anticipate presenting additional evidence or witnesses at sentencing.

## II.    SENTENCING CALCULATION

### A.    Statutory Maximum and Minimum Sentence

Based on Defendant's plea of guilty to Count One, Defendant is subject to a maximum sentence of ten years in prison and up to three years of supervised release. A fine of up to $250,000 is permitted. PSR ¶¶ 92, 95, 99.

### B.    Sentencing Guidelines Calculation

Defendant's guidelines are calculated in presentence report paragraphs 15–24. Defendant's advisory guideline calculation is as follows:

| | |
|---|---|
| USSG § 2K2.1(4)(A) (base): | 20 |
| <u>USSG §3E1.1 (acceptance of responsibility):</u> | <u>–3</u> |
| Total Offense Level: | 17 |
| Criminal History Category | IV (9) |
| Guideline Sentencing Range: | 37–46 months |

The government agrees with this calculation.

## III.    SENTENCING FACTORS & GOVERNMENT'S RECOMMENDATION

The sentencing statutes inform this Court that it must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). The Court, in determining the particular sentence to be

imposed, shall also consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). The sentence must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

The government recommends a top-of-the-guideline sentence of imprisonment, followed by a three year term of supervised release.

As part of the instant offense, Defendant came to law enforcement's attention when his wife called police to report Defendant had been abusive over the past several days and had left in his truck, threatened to end his life, and said he had a firearm. PSR ¶ 7. Officers then located Defendant at a gas station, revving his engine and yelling at his wife, who was in a separate car. *Id.* ¶ 8. Defendant took off from officers at a high rate of speed, zig-zagging through the streets, eventually stopping at his residence. *Id.* ¶ 9. Defendant exited the car, ignoring officer's commands to stop, and locked himself in the house, where officers eventually entered the house by force. *Id.* Officers located a Hi-Point nine-millimeter rifle in the front passenger's seat of Defendant's truck. *Id.* ¶ 10.

Defendant's criminal history reveals multiple convictions. In 2016, Defendant was convicted of possession with intent to deliver methamphetamine. PSR ¶ 31. In addition, Defendant has multiple domestic abuse convictions. *Id.* ¶¶ 29, 30, 32, 34. The circumstances underlying each offense is concerning, especially in light of the present offense. Defendant admits that his use of methamphetamine and alcohol has led to domestic violence. *Id.* ¶¶ 68, 70, 71.

Defendant's history of assaultive behavior and the nature of the instance offense demonstrates a continued disregard for the law and presents a danger to the community. The government believes a top-of-the-guideline sentence would be sufficient but not greater than necessary to accomplish the goals of sentencing.

WHEREFORE, the government requests the Court consider this sentencing memorandum in determining the final sentence of Defendant.

                                        Respectfully submitted,

                                        Marc Krickbaum
                                        United States Attorney

By:   */s/ MacKenzie Benson Tubbs*
       MacKenzie Benson Tubbs
       Assistant United States Attorney
       U.S. Courthouse Annex
       110 East Court Avenue, Suite 286
       Des Moines, IA 50309
       Tel: (515) 473-9300
       Fax: (515) 473-9292
       Email: mackenzie.benson.tubbs@usdoj.gov

CERTIFICATE OF SERVICE
I hereby certify that on January 8, 2020, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:
\_\_\_\_U.S. Mail \_\_\_ Fax \_\_\_Hand Delivery
\_\_X\_\_ECF/Electronic filing     \_\_\_Other means
ASSISTANT UNITED STATES ATTORNEY
By: */s/ MacKenzie Benson Tubbs*