IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 4:19-cr-087 |
| | ) | |
| v. | ) | |
| | ) | |
| BRANDEN GERRICK SMITH, | ) | DEFENDANT'S SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

## INTRODUCTION

On May 15, 2019, the government obtained an indictment charging Branden Smith with being a prohibited person in possession of a firearm, on or about March 1, 2019, in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(9), and 924(a)(2). A notice of forfeiture was also filed, pursuant to 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c). A clarifying superseding indictment was returned on June 20, 2019, and on August 6, 2019, Mr. Smith formally accepted responsibility by pleading guilty to the charge, and consenting to the forfeiture. The Court accepted his plea, and adjudicated him guilty, on August 21, 2019.

The presentence report drafter determined that Mr. Smith's base offense level under the advisory sentencing guidelines is 20, because the firearm was possessed in this case subsequent to Mr. Smith accruing a prior conviction for a drug trafficking offense. (PSR ¶ 15). No other specific offense characteristics were applied. After applying a three-level reduction for acceptance of responsibility (PSR ¶¶ 22, 23), and calculating his criminal history category as IV (PSR ¶ 39), the presentence report drafter found a total offense level of 17, and an advisory sentencing guideline range of 37 to 46 months of imprisonment. (PSR ¶ 93). There are no

advisory guideline issues needing resolution at sentencing.  The only remaining issue in the case is what sentence is "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a) in this case.

## ARGUMENT

Branden Smith is a forty-two-year-old factory worker, Automotive Service Excellence certified mechanic, and former tow truck driver.  He was born in Des Moines, but has lived in smaller cities and towns throughout Iowa since he was three years old.  He grew up in a middle class family, and was primarily raised by his mother after his parents divorced.  His father was his role model, but he felt like he was always treated differently compared to his siblings and cousins.  It was only when his father passed away from cancer that Mr. Smith learned his paternal uncle is his actual father, which Mr. Smith now believes explains why he was treated differently.

At age fifteen, Mr. Smith started using alcohol and methamphetamine.  He later tried cocaine for a few months when he was nineteen, but methamphetamine has remained his drug of choice, and caused him significant problems throughout his life.  Since the age of fifteen, he has struggled to stay off of methamphetamine, and at his worst was up to snorting or smoking 3.5 grams per day.  His methamphetamine use has caused him to miss school and work over the years, led to problems with the law, and causes significant problems with his marriage because he would leave the home to get high, and abuse his wife when he was using.  He suffers from neuropathy stemming from his use of methamphetamine, and he still thinks about using methamphetamine on a daily basis.  He has had limited treatment in the past, consisting of a 2013 thirty-day inpatient program at Zion Recovery Services in Clarinda, Iowa, which he could only get into after intentionally failing a drug test while he was receiving outpatient services.  He

2

has been pursuing substance abuse treatment classes while incarcerated at the Polk County Jail during this case.  He knows he is an addict, and has a strong desire for future substance treatment, particularly in an inpatient setting, which he believes will provide him with the most benefit.

Indeed, Mr. Smith's criminal history reflects his problems related to methamphetamine use discussed above.  He has misdemeanor convictions for simple and domestic abuse assault from his early twenties, an assault causing bodily injury against his wife when he was twenty-three, a possession of methamphetamine with intent to deliver conviction from 2016 when he was thirty-nine, along with another domestic abuse assault causing injury that occurred a few days later.  The circumstances surrounding the events of this case further resulted in State of Iowa convictions for domestic abuse assault 2nd offense, interference with official acts, and criminal mischief.  It is very obvious that methamphetamine and Mr. Smith do not mix well, and that he becomes a different person who is chaotic and violent while under the influence of it.

In this case, on March 1, 2019, Mr. Smith was suicidal during a methamphetamine binge. After his father's death in January of 2019, he had relapsed, and his life revolved around his methamphetamine use and its effects on him.  By March he had left the home he shared with his wife, and then sent messages the evening of March 1st indicating he was suicidal and going to shoot himself.  The messages included a picture of him holding a rifle against his head.  Later that evening, he called his wife and again told her he was going to shoot himself, before she heard a loud bang and the call ended, leading her to call the police.

About an hour after responding to Mrs. Smith's call, police received another call reporting that Mr. Smith was pursuing his wife's vehicle in his truck.  Police officers responding to the second call saw Mr. Smith following his wife's vehicle in his truck.  They attempted to

stop his truck, but he refused to stop, and instead drove back to his home.  Officers pulled into the driveway right behind him, but he ignored their commands to stop and put up his hands, and instead went inside the house and locked the door.  After attempting to negotiate with him for a while, officers entered the house by force, and placed him under arrest without further incident. Inside of his truck they located a slightly unzipped rifle case containing an unloaded rifle, which led to the federal charge in this case due to Mr. Smith's being legally prohibited from possessing firearms.

The only question remaining before the Court is what sentence to impose in this case. Here, Mr. Smith's advisory sentencing range is driven by the increase to his base offense level stemming from his prior methamphetamine trafficking conviction, along with his aforementioned criminal history.  While these are all appropriate considerations when determining what sentence to impose, it is clear that the firearm was not related to any sort of drug trafficking activity in this case, and that Mr. Smith had not returned to such activity despite his relapse into using methamphetamine again.  Indeed, the rifle had no role here beyond being part of Mr. Smith's suicidal ideation.  While the encounter with law enforcement officers prior to his arrest on March 1st was assuredly a potentially dangerous situation, he had left the rifle in the case in the truck when it occurred, and the situation never escalated into violence from anyone involved.

Furthermore, the advisory sentencing guidelines simply do not account for the role that Mr. Smith's methamphetamine use played in either the events of this case, or in his criminal history.  But Mr. Smith certainly recognizes that role, and clearly conveyed to the drafter of the presentence report the plague that his methamphetamine addiction has been on his life, along with his desire to get help to overcome that problem.  He recognizes that getting a hold on his

4

addiction is the only way he can fully repair and rebuild the relationship his wife to any degree, the only way to be the example to his children that he wants to be, and the only way he can avoid continuing to have the episodic problems with the law that have occurred throughout his adult life. He clearly has significant work skills, and has a good employment history, which further shows that he has the potential to be an outstanding contributor to his community if he can start a new chapter in his life where methamphetamine has no part to play.

As noted above, Mr. Smith has spent his time in custody getting started on substance abuse treatment. He obtained his general equivalency degree in late November through coursework at the jail. He has also pursued mental health treatment while incarcerated, and has been diagnosed with anxiety disorder, major depressive disorder, and acute post-traumatic stress disorder. He is prescribed medications for his anxiety, but still suffers from night terrors, has troubled dreams, and can be temperamental. But his overall mental health has improved since receiving mental health care while incarcerated, and he has suffered no additional suicidal ideations. The Probation Office has astutely recognized that he needs to pursue both substance abuse and mental health care upon being released to supervision in the future. It is highly likely that these issues for Mr. Smith are related to each other and therefore require different approaches to treatment than he received in 2013, when he pursued substance abuse treatment alone through Zion in Clarinda.

All of this comes back to the central question of what sentence is "sufficient, but not greater than necessary" for Mr. Smith, given the nature and circumstances of this case, and his personal history and characteristics. It is clear that the offense in this case occurred during a troubled period in Mr. Smith's life, and that it is not the first time that his methamphetamine problem has contributed to problems with the law and the abuse of his loved ones. The

circumstances surrounding the offense were serious for all involved, including Mr. Smith. Numerous state charges arose out of the incident, along with the federal charge for possessing the rifle.  He has accepted responsibility for what he has done at both the state and federal levels, and it does not follow that he needs to serve a lengthy imprisonment sentence to achieve a just punishment in this case that fulfills the sentencing goals of 18 U.S.C. § 3553(a).  As alluded to above, continuing and adding to the rehabilitative efforts while on supervised release that he has already begun while incarcerated at the jail will provide the greatest benefit for Mr. Smith and society going forward.

In light of all these considerations, Mr. Smith respectfully argues that the advisory sentencing guideline range may be greater than necessary in this case, and that a lesser sentence may be sufficient under 18 U.S.C. § 3553(a).  The Court has wide discretion as to how to craft an appropriate sentence in this case, and has nearly every sentencing option available in the law to do so.  Mr. Smith recognizes and accepts that he must face a sanction for his offense, and has now been in federal custody for over seven months.  His future goal is to reenter society in a healthy mental state and in a better position to fully overcome his methamphetamine addiction. He has started on that path on his volition while incarcerated, and wants to continue that progress when he is released to supervision.  To that end, if the Court determines that additional time is necessary to be served within the Bureau of Prisons, he would like to receive substance abuse treatment and mental health treatment while incarcerated, and respectfully requests designation to a facility as near to Iowa as possible, so that his family can visit him.  He would also like to pursue additional vocational training, specifically in welding, if possible.  As discussed above, a sentence below the advisory range is sufficient for Mr. Smith in this case, and he respectfully urges the Court to impose such a sentence.

6

Respectfully Submitted,

 /s/ Joseph D. Herrold
Joseph D. Herrold, Asst. Federal Defender
FEDERAL PUBLIC DEFENDER'S OFFICE
400 Locust Street, Suite 340
Des Moines, Iowa 50309-2353
PHONE: (515) 309-9610
FAX: (515) 309-9625
E-MAIL: joe_herrold@fd.org
ATTORNEY FOR DEFENDANT

CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2020, I electronically filed this document with the Clerk of Court using the ECF system which will serve it on the appropriate parties.

 /s/ Morgan Conn, Paralegal

7